The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER AND NIOMA WITTMER, | CASE NO. 08-61618 (Jointly Administered) |
| Debtors. | CONSOL. ADV. NO. 10-6044 |
| ANTHONY J. DEGIROLAMO, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| THE QUARRY GOLF CLUB, LLC, et al., | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendants. | |

  Two motions are pending in this adversary: Defendants' motion for summary judgment, filed April 21, 2011, and Plaintiff's motion for leave to file an amended complaint, filed May 13, 2011. Both motions are opposed.

  The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The main bankruptcy case is a jointly administered case involving three separate 2008 cases of five individual debtors, all of whom are related by blood or marriage: Lawrence Wittmer, Sr. ("Senior"); Nioma Wittmer; Lawrence Wittmer, Jr. ("Junior"); Jennifer Wittmer; and Denise Wittmer. Anthony J. DeGirolamo is the chapter 7 trustee in the case ("Trustee").

Numerous inconsistencies, omissions, failures to disclose, and similar problems were identified by Trustee and the United States Trustee ("UST"), complicating the cases. The investigation by Trustee revealed a labyrinth of trusts, business entities, transactions and transfers in which Debtors were involved. As a result, UST filed a complaint to deny the discharges of all the debtors. In February 2009, the parties resolved the complaint. The UST dropped the complaint against the female debtors, who agreed to cooperate with the investigation, while Senior and Junior waived their right to discharges.

On May 12, 2010, Plaintiff filed a complaint to recover alleged fraudulent transfers from Defendants related to a series of transactions dating back to 1999. In 1999, Senior, either individually or through an affiliated company, purchased 245 acres of land in the East Canton area. In 2005, an entity called Long Drive, Ltd., ("Long Drive") an Ohio limited liability company whose membership appears to consist solely of the Debtor(s), transferred the property to Alpine Design & Development Corp. ("Alpine"). The deed was signed by Lawrence Wittmer,[1] as member, on behalf of Long Drive. Trustee alleges there was nominal or no consideration for the transfer between Long Drive and Alpine.

Alpine's ownership is also alleged to be held by Debtors and/or their interests. Between 2005 and 2006, Alpine transferred its entire interest in the 245 acres to Defendants. Defendant The Quarry Golf Club, LLC ("Quarry") obtained approximately 181 acres through a deed recorded on April 28, 2005. Lawrence Wittmer, as president, and Denise Wittmer, as secretary/treasurer, signed the deed on behalf of Alpine.

Defendant Medina Golf Management Corporation ("Medina Golf") obtained the remaining acreage by a deed recorded on June 28, 2006. Senior, as president, and Denise Wittmer, as secretary/treasurer, signed the deed on behalf of Alpine.

Trustee alleges that the transfers to Defendants were fraudulent under 11 U.S.C. §§ 548, 550 and Ohio Revised Code § 1336.01. He filed a complaint against Quarry on May 12, 2010 and a complaint against Medina Golf on May 13, 2010. The cases were consolidated by a court order dated August 30, 2010.

---

[1] The generational designation was not always used by the Senior and Junior so it is not clear which Lawrence Wittmer signed the document.

## THE PRESENT ISSUE

The present issue between the parties concerns the Trustee's authority to bring the fraudulent transfer action. Defendants allege that Trustee has no standing. Defendants argue the subject transfers were made by Long Drive and Alpine, separate and distinct legal entities, and not Debtors, and therefore the business form offers a shield to the present action. Since the individual debtors did not own the property that was transferred, it cannot be an interest in property of the estate under 11 U.S.C. § 548(a), thereby defeating Trustee's action.

Trustee opposes the motion for summary judgment, arguing three alternate legal grounds against Defendants' position. First, he claims that Long Drive and Alpine were alter egos of Debtors and the "shield" arising from Long Drive and Alpine's distinct separate legal status can be disregarded. Second, he asserts the transfers to Defendants were de facto transfers of estate property. Third, he contends he could substantively consolidate Long Drive and Alpine in to Debtors' estates and maintain the action in that context.

Shortly after filing his response to the motion for summary judgment, Trustee sought leave to amend his complaint. According to Trustee, the amended complaint will merely offer clarification of the claims and will not add additional causes of action. Defendants oppose Trustee's motion, arguing that the alter ego theory which Trustee asserts is not recognized in Ohio. Defendants also claim prejudice to the creditors of Long Drive and Alpine will result and collapsing the entities could expose Defendants to multiple liabilities.

## ANALYSIS

Consideration of Defendants' motion for summary judgment could foreclose Trustee's request to amend the complaint. As a result, the court will consider the motion to amend first.

A.  **Motion for Leave to Amend**

Pleadings can be amended under Federal Rule of Bankruptcy Procedure 7015, which adopts Federal Rule of Civil Procedure 15 into bankruptcy practice. In this instance, Trustee needs the court's leave to amend the complaint. Fed.R.Bankr.Pro. 7015(a)(2). The rules favor amendment, instructing that leave should be granted "when justice so requires." Id. Leave is not untempered and may be denied on findings such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants oppose Trustee's motion on the latter two grounds. They suggest that the amendment is prejudicial because it will expose them to multiple liabilities and further argue that, since Ohio does not recognize an alter ego theory or reverse veil piercing, Trustee's

amendment would be futile. Defendants' arguments are hollow. As Defendants recognize, substantive consolidation could eliminate the threat of multiple exposure and offer grounds for Trustee to proceed, thereby defeating both the prejudice and futility arguments advanced by Defendants. For this reason, Defendants have failed to establish grounds to deny Trustee's leave to amend the complaint.

Further, there is no evidence of undue delay or dilatory motive by Trustee in seeking leave to amend. Defendants added the standing defense by way of amended answers filed in February 2011; discovery had not yet concluded. The court's first opportunity for review of the issue was with the summary judgment motion filed in April 2011. Three weeks after the motion for summary judgment was filed, Trustee sought leave to amend. The issue has been addressed promptly.

Nor is there bad faith by Trustee. The cause of action against Defendants has not changed from the initial complaints. He is not adding additional causes of action. The exact same transaction, the transfers from Alpine to Defendants, are at issue. Defendants cannot complain of a lack of notice of the cause against them.

Justice requires the court grant leave. The maze of entities and transactions which Trustee must explore in these cases warrants some leeway. The court will allow the amended complaint.

### B. Motion for Summary Judgment

The focal point of the motion for summary judgment is Trustee's alleged failure to show that the transfers to Defendants were transfers of property of the debtor(s) as required by section 548(a). Rather, the documents show that the transfers were interests of separate and distinct legal entities, Long Drive and Alpine. Trustee counters Defendants' summary judgment motion and first argues that Long Drive and Alpine were alter egos of Debtor(s) and therefore not separate and distinct legal entities. Alternatively, he argues that the transfers were de facto transfers of Debtors' property interests or that, with substantive consolidation, he has a basis to proceed against Defendants.

As pointed out above, Defendants acknowledge the possibility of pursuing this action under a substantive consolidation theory. Since the court granted Trustee's leave to amend the complaints, the motion for summary judgment may be moot. Consequently, the motion will be denied as premature. The denial is not substantive and the court will allow Defendants an opportunity to renew the motion if warranted.

An order will be issued contemporaneously with this opinion.

So ordered

# # #

**Service List:**

Andrew L. Turscak, Jr.
James J. Henderson
Mark A. Weintraub
Michael P. Sherban
Robert C. Folland
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Clay Keller
Patrick J Keating
Buckingham, Doolittle & Burroughs, LLP
4518 Fulton Drive, NW
P.O. Box 35548
Canton, OH 44735-5548