The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| LAWRENCE WITTMER and NIOMA WITTMER, | CASE NO. 08-61618 |
| Debtors. | ADV. NOS. 10-6044 and 11-6025 |
| ANTHONY J. DEGIROLAMO, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| THE QUARRY GOLF CLUB, LLC, et al., | |
| Defendants. | |

    Three motions are pending in these adversary proceedings: Defendants' Motion to Dismiss, filed June 24, 2011 in adversary proceeding 11-6025, and Plaintiff's Combined Motion For Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044, and Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044, filed July 8, 2011 in both adversary proceedings. All motions are opposed.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtors filed a chapter 7 petition on May 15, 2008. On May 12, 2010, the chapter 7 trustee Anthony J. DeGirolamo ("Trustee") filed adversary proceeding 10-6044 seeking to avoid and recover fraudulent transfers under 11 U.S.C. §§ 544 and 550 and O.R.C. §§ 1336.01, *et seq*, naming as Defendants The Quarry Golf Club, LLC and Medina Golf Management, LLC. On June 6, 2011, the Trustee filed a second adversary proceeding, 11-6025, seeking to avoid and recover additional fraudulent transfers under 11 U.S.C. §§ 544 and 550 and O.R.C. §§ 1336.01, *et seq*, naming as Defendants The Quarry Golf Club, LLC ("Quarry Golf Club"), Medina Golf Management, LLC ("Medina Golf"), and a newly added Defendant GGP Development Co., LLC ("GGP").

In adversary proceeding 10-6044, the Trustee alleges that two phases of the transaction are fraudulent transfers. In adversary proceeding 11-6025, the Trustee alleges that a third phase of the transaction is also a fraudulent transfer. For Phase 1, the Trustee alleges that the Debtors and/or entities owned or controlled by the Debtors entered into a sale of 181 acres of property to Quarry Golf Club in return for $525,000 in cash and a 10% equity interest in the Quarry Golf Club. For Phase 2, the Trustee alleges that the remaining 64.572 acres of property were sold to Medina Golf for $768,961.91 along with various other consideration as detailed in the Trustee's Combined Motion For Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044, Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044, and Response to the Defendants' Motion to Dismiss Adversary Proceeding 11-6025. For Phase 3, the Trustee alleges that the Quarry Golf Club purchased the 10% equity interest, described in Phase I, for $850,000.00. Additionally, the Trustee alleges that GGP received some of the property from Phase 2 from Medina Golf prior to the closing of Phase 3.

On June 24, 2011, Defendants moved to dismiss adversary proceeding 11-6025 on the basis that the Trustee's claim is time-barred by the applicable statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A). On July 8, 2011, the Trustee filed a Combined Motion For Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044, Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044, and Response to the Defendants' Motion to Dismiss Adversary Proceeding 11-6025. On August 5, 2011, the Defendants filed a Reply Brief in Support of Motion to Dismiss, a Memorandum in Opposition to Motion for Leave to File Second Amended Complaint, and a Memorandum in Opposition to Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044. Finally, on August 22, 2011, the Trustee filed an Omnibus Reply in Support of Combined Motion for Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044, and Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044.

## THE PRESENT ISSUE

The issue in this case is whether the Trustee can again amend his Complaint in adversary proceeding 10-6044 to include the claim set forth in the Trustee's Amended Complaint filed in adversary proceeding 11-6025 and whether the Trustee's Amended Complaint in adversary proceeding 11-6025 should be dismissed for being filed outside the applicable statute of limitations.

Defendants claim that, pursuant to 11 U.S.C. § 546(a)(1)(A), the Trustee's Amended Complaint in adversary proceeding 11-6025 is time-barred. The Trustee does not dispute that 11 U.S.C. § 546(a)(1)(A) applies in these proceedings and provides that a proceeding

2

of this kind may not be commenced after two years following the entry of the order for relief. The entry of the order for relief in the main case was filed on May 15, 2008 and, therefore, the period for filing a claim expired on May 15, 2010. Thus, Defendants assert that the Trustee's Amended Complaint in adversary proceeding 11-6025 is time-barred.

The Trustee sets forth two arguments in support of his Motion for Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044 and in opposition to the Defendants' Motion to Dismiss. First, the Trustee asserts that the claims of Phase 3, asserted in his Amended Complaint in adversary proceeding 11-6025, are part of the same transaction as the claims of Phases 1 and 2 set forth in his Amended Complaint in adversary proceeding 10-6044. On that basis, the Trustee argues that the claim of Phase 3 relates back to Phases 1 and 2 and, therefore, an amended pleading is allowed under Fed. R. Bankr. P. 7015(c) and Fed. R. Civ. P. 15(c). Second, the Trustee asserts that he is entitled to bring the claim regarding Phase 3 under the doctrine of equitable tolling.

## LAW AND ARGUMENT

As this court discussed in its Memorandum of Opinion, filed June 27, 2011, in adversary proceeding 10-6044,

> Pleadings can be amended under Federal Rule of Bankruptcy Procedure 7015, which adopts Federal Rule of Civil Procedure 15 into bankruptcy practice. In this instance, Trustee needs the court's leave to amend the complaint. Fed.R.Bankr.Pro. 7015(a)(2). The rules favor amendment, instructing that leave should be granted "when justice so requires." Id. Leave is not untempered and may be denied on findings such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

DeGirolamo v. The Quarry Golf Club, LLC, Ch. 7 Case No. 08-61618-rk,, Adv. No. 10-6044-rk, slip op. at 3 (Bankr. N.D. Ohio. June 27, 2011).

In this case, the Trustee not only seeks leave to again amend his Complaint under Fed. R. Civ. P. 15(a), but also seeks leave to amend under Fed. R. Civ. P. 15(c). Fed. R. Civ. P. 15(c), made applicable to these proceeding pursuant to Fed. R. Bankr. P. 7015, provides in pertinent part that:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> ...
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complain, the party to be brought in by amendment:

3

> (1) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The Supreme Court most recently addressed Fed. R. Civ. P 15(c) in <u>Krupski v. Costa Crociere</u>, 130 S. Ct. 2485 (2010). In <u>Krupski</u>, the Supreme Court discussed three requirements imposed by Fed. R. Civ. P. 15(c) before an amended complaint, including against a newly named defendant, can relate back to the original complaint. <u>Krupski</u>, 130 S. Ct. at 2491-2492. First, the claims "must have arisen 'out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading.'" <u>Id.</u> at 2491 (quoting Fed. R. Civ. P. 15(c)(1)(B), (C)). Second, the newly added defendant must have "'received such notice of the action that it will be prejudiced in defending on the merits.'" <u>Id.</u> at 2491-2492 (quoting Fed. R. Civ. P. 15(c)(1)(C)(i)). Third, the newly added defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." <u>Id.</u> at 2492 (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).

In the instant case, the Trustee argues that the claims set forth in the Amended Complaint in adversary proceeding 11-6025 arise out of the same conduct, transaction, or occurrence set forth in his Amended Complaint in adversary proceeding 10-6044. In support of this argument, the Trustee details the allegations of Phases 1 and 2 and the connections between those allegations and the allegations of Phase 3. For example, the Trustee emphasizes that the same property is involved in more than one of the phases, e.g. The Quarry Golf Club and other property rights that served as consideration in the different phases.

When an original complaint alleges a series of transactions, an amendment that seeks to add an additional transaction that is similar to those already alleged should be permitted. <u>Miller v. Amer. Heavy Lift Shipping</u>, 231 F.3d 242, 248 (6th Cir. 2000) (quoting <u>Koon v. Lakeshore Contractors</u>, 128 F.R.D. 650, 653 (W.D. Mich. 1988) ("'an amendment that alleges added events leading up to the same injury may relate back'")); *accord* <u>In re Gerardo Leasing</u>, 173 B.R. 379, 389 (Bankr. N.D. Ill. 1994); (amendment does not relate back if the "new claim is based on a materially different set of facts than the original claim); <u>In re Metzeler</u>, 66 B.R. 977, 983 (Bankr. S.D.N.Y. 1986) (permitting amended complaint to relate back to original complaint if defendant could have reasonably expected to litigate similar claims arising out of separate transactions). Similarly, if it is clear that the original complaint intends to pursue all transactions, then additional transactions will relate back. <u>In re Kam Kue Seafood Corp.</u>, 67 B.R. 304, 306 (Bankr. S.D.N.Y. 1986) (citing <u>Siegel v. Converters Trans., Inc.</u>, 714 F.2d 213 (2d Cir. 1983)).

This court finds that Phase 3 arises out of the same conduct, transaction or occurrence set forth in the Trustee's Amended Complaint in adversary proceeding 10-6044. The Trustee in his Amended Complaint in adversary proceeding 10-6044 alleged a series of transactions. In fact, paragraph 21 of the Amended Complaint in adversary proceeding 10-6044 specifically states that the Trustee may acquire information regarding additional transfers, that the Trustee seeks the return of any such additional transfers, regardless of whether they are specifically set forth, and that the Trustee reserves the right to supplement and amend the allegations to include additional transactions regarding the named defendants or others who

4

may become defendants. The web of transactions alleged in the Trustee's Amended Complaints in both adversary proceedings are interrelated and build on the previous phases. It makes no sense to treat these transactions as independent when each transaction involves the same players and property.

It is notable that Defendants essentially provide no defense that Phase 3 is not part of Phase 1 and 2 except to state that Phase 3 is a separate transaction. Defendant Medina Golf previously moved to consolidate the Trustee's Complaint in adversary proceeding 10-6044 with his Complaint in adversary proceeding 10-6057, which dealt with Phases 1 and 2 of the transaction, claiming that the two Complaints related to the same transaction.[1] Since Defendants previously argued that Phases 1 and 2 are related to each other and part of the same transaction, Defendants must show why Phase 3 is not also related to Phases 1 and 2 and not part of the same transaction. Defendant Quarry Golf Club and Medina Golf have made no such showing and cannot now argue that the Phase 3 transaction is a separate and distinct transaction. This court finds that all three phases are related and are part of the same transaction and, as such, the first requirement for relation back under Krupski has been met.

Since Defendants Quarry Golf Club and Medina Golf were previously named defendants, this completes the inquiry about whether the Trustee's claims regarding the Phase 3 transaction relates back to the Trustee's Amended Complaint in adversary proceeding 10-6044 with respect to those defendants. The only remaining issue is whether the Trustee may add a new defendant, GGP, to both his claims regarding all phases of the transactions. The second and third requirements under Krupski speak to this issue.

The Trustee asserts that the newly added defendant, GGP, was not prejudiced in defending the case on its merits. Indeed, Defendants do not raise any argument regarding prejudice in defending the case on the merits. Defendants only claim to have been prejudiced with respect to the Trustee's claim that the statute of limitations should be equitably tolled. Defendants' claim of prejudice is superficial at best stating only "there can be little doubt that the Defendants have been prejudiced by the Trustee's delay" and that "[i]t is prejudicial to the Defendants to now be required to defend yet another claim, based upon an alter ego theory, involving the Debtors, and alleged alter egos of the Debtors, after more time has passed." (No. 11-6025, Doc. 15 at 10-11). The Defendants do not elaborate any further about the prejudice that they claim. Thus, this court is left to guess what prejudice the Defendants may experience in defending the claim on its merits. Without any information on the asserted prejudice to the Defendants, the court finds that the second requirement for relation back under Krupski has been met.

The Trustee also asserts that GGP knew or should have known that the Trustee was asserting claims regarding a series of transactions and that, but for the mistake of the Trustee, GGP would have been named as a defendant in the Amended Complaint in adversary proceeding 10-6044. In Krupski, the Supreme Court addressed this issue and found that the relevant question is not what the plaintiff knew or should have known, but whether the defendant "knew or should have known that it would have been named as a defendant but for an error." Krupski, 130 S. Ct. at 2493. The plaintiff in Krupski initially alleged claims

---

[1] Defendant Medina Golf filed a Motion to Consolidate adversary proceeding 10-6057 with adversary proceeding 10-6044 on August 10, 2010. This court entered an Order Granting the Motion to Consolidate on August 30, 2010. Defendant Quarry Golf Club did not oppose the consolidation of the two adversary proceedings.

5

against Costa Cruises when the proper defendant was Costa Crociere, but the two entities had the same counsel and appeared in many ways to be the same entity. <u>Krupski</u>, 130 S. Ct. at 2491. Given those facts, the Supreme Court found that Costa Crociere had constructive notice of the action.

The facts of the instant case are very similar and, as such, GGP is a clear illustration of the very type of defendant that <u>Krupski</u> addressed. As the Trustee points out in his Response to the Defendants' Motion to Dismiss, "GGP is represented by the same counsel, located at the same address, and has the same managing member as the other defendants." (No. 11-6025, Doc. 7, at n.6). Further, it is notable that all defendants are represented in the same pleadings and by the same arguments. GGP raises no argument in opposition to being newly added as a defendant. If GGP itself does not object specifically to being newly added as a defendant, then it is not this court's position to do so. For these reasons, this court finds that GGP had constructive notice of the Trustee's Amended Complaint in adversary proceeding 10-6044 and his Amended Complaint in adversary proceeding 11-6025.

Accordingly, this court finds that GGP knew or should have known that the Trustee was asserting claims regarding a series of transactions and that, but for the mistake of the Trustee, GGP would have been named as a defendant in the Amended Complaint in adversary proceeding 10-6044. Following from the above, this court finds that the third requirement for relation back pursuant to <u>Krupski</u> has been met.

## CONCLUSION

Given that this court finds that all the requirements for relation back under <u>Krupski</u> have been met, the court hereby holds that the Trustee may again amend his Complaint in adversary proceeding 10-6044 to include the claims set forth in his Amended Complaint in adversary proceeding 11-6025 and to include GGP as a defendant. For this reason, the court does not need to address the Trustee's argument regarding the equitable tolling of the statute of limitations.

Accordingly, the Chapter 7 Trustee's Combined Motion For Leave to File a Second Amended Complaint in Adversary Proceeding 10-6044 and Motion to Consolidate Adversary Proceedings 11-6025 and 10-6044 will be granted and Defendants' Motion to Dismiss Amended Complaint will be denied by separate order issued concurrently with this opinion.

#　　#　　#

**Service List:**

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

Andrew L. Turscak, Jr.
James J. Henderson
Mark A. Weintraub
Michael P. Sherban
Robert C. Folland
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291

Clay Keller
Patrick J Keating
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Pkwy., Suite 300
Akron, Ohio 44333-8332